IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| STEPHANIE S. EBERHARTER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOLLY ERIN WHITE and JULIA LACEY, individuals, KEYBANK, an Ohio Corporation, BANK OF AMERICA, N.A., a Delaware Corporation, and JPMORGAN CHASE BANK, N.A.<br><br>Defendants. | No. 22-2-02569-7 SEA<br><br>**AMENDED COMPLAINT FOR DAMAGES** |

Plaintiff Stephanie S. Eberharter ("Ms. Eberharter"), by and through her undersigned counsel, complains against Defendants Julia Lacey and Holly Erin White (collectively, the "Individual Defendants"), and Defendants Keybank, Bank of America N.A., and J.P. Morgan Chase Bank, N.A. (collectively, the "EFTA Defendants") and alleges as follows:

**I. PARTIES.**

1. Ms. Eberharter is a natural person, and at all times relevant resided in King County, Washington.

2. On information and belief, Defendants Holly Erin White and Julia Lacey are unmarried individuals residing in King County, Washington.

AMENDED COMPLAINT FOR DAMAGES - 1

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

3. On information and belief, Defendant KeyBank is a corporation headquartered in Cleveland, Ohio, but which conducts business within the State of Washington.

4. On information and belief, Defendant Bank of America, N.A. is a corporation headquartered in Charlotte, North Carolina, but which conducts business within the State of Washington.

5. On information and belief, Defendant J.P. Morgan Chase Bank, N.A. is a corporation headquartered in New York City, New York, but which conducts business within the State of Washington.

## II. JURISDICTION AND VENUE.

6. The Defendants' injurious conduct and wrongful acts alleged herein occurred in King County, Washington. The Court has personal jurisdiction over the Defendants and subject matter jurisdiction over the matters related to this action.

## III. FACTUAL ALLEGATIONS.

7. Stephanie S. Eberharter is a 77-year-old widow living in Seattle, WA. Ms. Eberharter's husband of thirty (30) years, Richard L. Eberharter, died on February 1, 2021.

8. During their marriage, Stephanie and Richard were accountholders at Key Bank. Ms. Eberharter normally conducted bank transactions by visiting Key Bank's branch in Seattle's Magnolia neighborhood to deposit and withdraw funds. Neither Ms. Eberharter or her late husband used online banking or automated teller machines (ATM).

9. Immediately following Richard Eberharter's death on February 1, 2021, Defendant Lacey offered to assist her mother with organizing her personal affairs during the grieving period.

AMENDED COMPLAINT FOR DAMAGES - 2

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

10. Defendant Julia Lacey is Ms. Eberharter's biological daughter and her only surviving child.

11. Defendant Lacey also encouraged her mother Ms. Eberharter to designate Defendant Lacey as her attorney-in-fact by executing a power-of-attorney, thereby protecting against future incapacity.

12. On March 12, 2021, Eberharter executed a Financial Power of Attorney ("Power of Attorney") on March 12th, 2021. In the Power of Attorney, Ms. Eberharter designated Defendant Lacey as her agent and attorney-in-fact for financial matters. The instrument and Defendant Lacey's authority arising therein, was **only** effective upon Ms. Eberharter's medical "disability." *See* Exhibit One.[1]

13. Between February and April 2021, Ms. Lacey's involvement in Ms. Eberharter's financial affairs was extremely limited. Ms. Eberharter authorized Ms. Lacey to prepare written checks for monthly expenses, which only Ms. Eberharter would sign. Ms. Lacey was never authorized to sign Ms. Eberharter's name, or access Ms. Eberharter's bank accounts.

14. On or about May 3, 2021, Ms. Lacey created an online banking profile in Ms. Eberharter's name using Key Bank's online banking portal. Almost immediately after, Ms. Lacey accessed Ms. Eberharter's Savings Acct. #2023, and linked it to an outside account at Washington Federal Bank (Acct. #5576).

15. On May 6, 2021, Ms. Lacey transferred $8,000 to Acct. #5576. This transfer was performed without Ms. Eberharter's authority or approval. Ms. Eberharter would not learn of the transfer until November 2021.

---

[1] Ms. Eberharter revoked this Power of Attorney on January 14, 2022, effectively nullifying it.

AMENDED COMPLAINT FOR DAMAGES - 3
BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

16. On information and belief, Acct. #5576 was owned by Ms. Lacey and her domestic partner, Holly White.

17. Defendant White is a convicted felon, with multiple convictions for identity theft and forgery in the last twenty-two (22) years. Ms. White and Ms. Lacey acted in concert and conspired to defraud Ms. Eberharter and convert her assets.

18. Within eleven (11) days, the Individual Defendants had surreptitiously withdrawn and transferred $45,400 to Acct. #5576. On May 21, 2021, the Individual Defendants began issuing direct payments from Acct. #2023 to pay their living expenses and costs.

19. In total, between May 6, 2021, and October 1, 2021, the Individual Defendants transferred to themselves or paid for their own benefit approximately $319,965.03 from Acct. #2023.

20. Also in mid-May 2021, the Individual Defendants began forging checks in Ms. Eberharter's name, usually with a false and perfunctory memo entry. These checks were normally drawn on Key Bank Business accounts owned by Ms. Eberharter's property ownership entity, Eberharter/Meridian, LLC (Accts. #4134 and 2313). The Individual Defendants wrote these checks to themselves "Holly Erin White" and "Julia Lacey." Between May and October 2021, the Individual Defendants wrote themselves at least approximately $24,309 in forged checks.

21. During the same period, the Individual Defendants also incurred charges on Ms. Eberharter's credit cards without her knowledge or approval. These purchases were often for high-value personal items, such as $8,104.13 incurred at Les Schwab Tire locations in Seattle and Kenmore. These orders, in Ms. White's name, were for products and services on a 2004 Subaru Forester and a 2013 Ford F-150 pickup, both owned by the Individual Defendants.

AMENDED COMPLAINT FOR DAMAGES - 4

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Between April and October 2021, the Individual Defendants incurred approximately $46,417.65 in unauthorized charges. (Accts. #5931 and #5948.)

22. As evidenced from Ms. Eberharter's account statements, the Individual Defendants' illicit activities reached a fever pitch in September and October 2021. During that period, the Individual Defendants also began withdrawing cash advances from Ms. Eberharter's credit cards at local casinos in Arlington, Marysville, and Snoqualmie, Washington. (Acct. #8825). Between cash advances and ATM fees, the Individual Defendants incurred approximately $61,789.07 in debt for Ms. Eberharter in this fashion.

23. Using unauthorized purchases, cash advances, forged checks, and account transfers, the Individual Defendants are believed to have stolen approximately **$595,2643.61** from Ms. Eberharter.

24. On information and belief, Ms. Lacey took a diamond pendant necklace from Ms. Eberharter on the false representation that she would have it repaired. In truth, Ms. Lacey, conspiring with Ms. White, took the pendant for their own benefit.

25. The Individual Defendants also opened accounts and forged checks in Richard Eberharter's name, months after his death.

26. In November 2021, Ms. Eberharter discovered the Individual Defendants' long-term campaign of financial fraud, and took steps to freeze her accounts.

27. On information and belief, the Individual Defendants continued to incur unauthorized charges on Ms. Eberharter's credit cards up to December 2021, and potentially even January 2022.

AMENDED COMPLAINT FOR DAMAGES - 5

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

28. Immediately following discovery of the fraudulent activity in November 2021, Ms. Eberharter closed the subject Key Bank accounts and submitted a fraud claim. On information and belief, Defendant Key Bank has rejected that claim.

29. On information and belief, Ms. Eberharter submitted fraud claims to Defendant Bank of America and Defendant J.P. Morgan Chase, and both entities have denied the claim and refuse to return any funds fraudulently transferred out of Ms. Eberharter's accounts with them.

## IV. CAUSES OF ACTION.

**BREACH OF FIDUCIARY DUTIES.**

30. The Plaintiff incorporates all preceding paragraphs as if set forth herein.

31. Title 11, Chapter 125 of the Revised Code of Washington sets forth guidelines and duties for agents acting as attorneys-in-fact.

32. Under RCW 11.125.140(1), an attorney-in-fact is obligated to act in the principal's best interest, in good faith, and within the scope of their authority.

33. Under RCW 11.125.140(2), an attorney-in-fact shall:

   a. Act loyally for the principal's benefit;

   b. Act so as not to create a conflict of interest that impairs the agent's ability to act impartially in the principal's best interest;

   c. Act with the care, competence, and diligence ordinarily exercised by agents in similar circumstances;

   d. Keep a record of all receipts, disbursements, and transactions made on behalf of the principal.

34. On information and belief, the power of attorney instruments authorizing Ms. Lacey to act as Ms. Eberharter's attorney-in-fact do not waive the duties set forth in RCW 11.125.140(2).

AMENDED COMPLAINT FOR DAMAGES - 6

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

35. Here, on information and belief, Julia Lacey breached her fiduciary duties to Ms. Eberharter by, among other things, misappropriating and comingling Ms. Eberharter's financial assets, and by conspiring with Ms. White to forge Ms. Eberharter's signature, and creating an online account to fraudulently make purchases and transfer/withdraw funds.

36. As result of Ms. Lacey's breach of her fiduciary duties, Ms. Eberharter suffered direct and consequential damages in an amount to be proven at trial.

37. By breaching her fiduciary duties, Ms. Lacey is liable to Ms. Eberharter for her damages, costs, and reasonable attorney's fees.

**STATUTORY VIOLATION.**

38. Title 74, Chapter 34 of the Revised Code of Washington protects elderly individuals that temporarily lack the mental or physical ability to care for themselves. The statute prohibits caretakers and fiduciaries from committing acts of neglect or financial exploitation.

39. RCW 74.34.020(7) generally defines "financial exploitation" as:

> the illegal or improper use, control over, or withholding of the property, income, resources, or trust funds of the vulnerable adult by any person or entity for any person's or entity's profit or advantage other than for the vulnerable adult's profit or advantage.

40. RCW 74.34.200 provides vulnerable adults a private cause of action to recover damages for their injuries, pain and suffering, and loss of property sustained as result of neglect or exploitation.

41. Here, the Individual Defendants violated the foregoing statute by financially exploiting Ms. Eberharter by misappropriating and comingling Ms. Eberharter's financial assets.

42. As result of the Individual Defendants' violation of RCW 74.34, Ms. Eberharter suffered direct and consequential damages in an amount to be proven at trial.

AMENDED COMPLAINT FOR DAMAGES - 7

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

43. By violating the foregoing statute, the Individual Defendants are liable to Ms. Eberharter for her damages, costs, and reasonable attorney's fees.

**CONSPIRACY.**

44. The Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

45. The Individual Defendants, among themselves, conspired and agreed to steal and misappropriate Ms. Eberharter's financial assets, to steal her identity and personal information, to impersonate her with financial institutions and vendors, and to repeatedly forge her signature.

46. By jointly conspiring and agreeing to accomplish these unlawful purposes, the Individual Defendants are liable for damages, as well as Plaintiff's costs and attorney's fees.

**CONVERSION.**

47. The Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

48. The Individual Defendants intentionally interfered with Ms. Eberharter's financial assets and property by taking and retaining the aforementioned assets, the Individual Defendants deprived the rightful owner, Ms. Eberharter, of their possession.

**FRAUD.**

49. The Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

50. The Individual Defendants, either affirmatively or through their willful acts concealed, intentionally misrepresented material facts to Ms. Eberharter and her banking institutions, with the intent of conducting illicit transactions to convert Ms. Eberharter's property and financial assets.

51. The Individual Defendants intended for Ms. Eberharter and her banking institutions to rely upon their statements and actions, and affirmatively concealed that they were conducting a month's long campaign of forgery, impersonation, and conversion.

AMENDED COMPLAINT FOR DAMAGES - 8

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

52. Ms. Eberharter had the right to rely on the Individual Defendants' statement and acts.

53. As a result of its fraudulent acts or concealment, Ms. Eberharter has suffered damages in an amount to be proven at trial.

54. Under 11 U.S.C. 523(a)(2)(a), those damages are non-dischargeable in bankruptcy.

**UNJUST ENRICHMENT.**

55. Ms. Eberharter incorporates all preceding paragraphs as if set forth fully herein.

56. As result of the Individual Defendants' conversion and fraudulent conduct, the Individual Defendants have received and enjoyed benefits under conditions where it would be inequitable for Defendants to retain such benefits without paying the value thereof, including without limitation misappropriation, fraud, and bad faith.

57. The Plaintiff is entitled to recover from the Individual Defendants an amount equal to the value of such benefits conferred. By reason of the forgoing, the Individual Defendants are liable to Plaintiff for unjust enrichment in an amount to be determined at trial.

**STATUTORY VIOLATION**

1. Ms. Eberharter incorporates all preceding paragraphs as if set forth fully herein.

2. 15 U.S.C. §1693(g), identified as the Electronic Fund Transfer Act ("EFTA"), limits a consumer's liability for unauthorized electronic fund transfers from their accounts. That statute provides a private cause of action to consumers, like Ms. Eberharter.

3. Under the EFTA, a consumer's liability for each unauthorized transfer cannot exceed $50 or $500, depending on the circumstances.

AMENDED COMPLAINT FOR DAMAGES - 9

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

4.   As described herein, Ms. Eberharter was the victim of numerous fraudulent electronic transfers, nearly all of which exceeded $50. On information and belief, Ms. Eberharter notified the EFTA Defendants of the fraudulent transfers within the period prescribed by the EFTA.

5.   Although the EFTA Defendants have received notice, they have nonetheless failed to limit Ms. Eberharter's liability to the applicable limit(s) set forth in the EFTA.

6.   For these reasons, the EFTA Defendants are liable to Ms. Eberharter for the value of any fraudulent transactions which exceed the applicable limitations set forth in the EFTA.

## V. RELIEF REQUESTED.

WHEREFORE, Ms. Eberharter respectfully request the following relief:

7.   For judgment against the Defendants for all general and special damages necessarily flowing from their tortious conduct, and violation of RCW 74.34 and RCW 11.125, and 15 U.S.C. §1693(g);

8.   For an award of attorney's fees and costs of suit, to include expert witness fees, and all other costs to the maximum extent provided by law;

9.   An award of prejudgment and post-judgment interest at the highest rate allowable by law until the principal is paid in full;

10.  For such other relief that the Court deems just and equitable.

11.  Ms. Eberharter reserves the right to assert any and all other claims that are now available, or become available during the course of discovery and/or trial.

## VI. DEMAND FOR JURY TRIAL.

Plaintiff demands a trial by jury on all claims so triable as a matter of right, and for an advisory jury on all other causes of action.

AMENDED COMPLAINT FOR DAMAGES - 10

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

DATED this 22nd day of April, 2022.

BADGLEY MULLINS TURNER PLLC

*/s/Mark A. Trivett*
Mark A. Trivett, WSBA #46375
Duncan C. Turner, WSBA #20597
19929 Ballinger Way NE, #200, Seattle, WA 98155
Telephone: (206) 621-6566
Email: mtrivett@badgelymullins.com
Email: dturner@badgleymullins.com
***Attorneys for Plaintiff***

AMENDED COMPLAINT FOR DAMAGES - 11